**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT, POLICE AND
FIRE RETIREMENT SYSTEM OF THE
CITY OF DETROIT, and THE BOARD OF
TRUSTEES OF THE CITY OF PONTIAC
GENERAL EMPLOYEES RETIREMENT
SYSTEM,

     Plaintiffs,

v.

Case No. 10-CV-11941

HONORABLE DENISE PAGE HOOD

ONYX CAPITAL ADVISORS, LLC, ONYX
CAPITAL ADVISORY FUND I, LP, SECOND
CHANCE MOTORS, INC., SCM CREDIT, LLC,
SCM FINANCE, LLC, 1097 SEA JAY, LLC,
ROY DIXON, JR., and MICHAEL A. FARR,

     Defendants.

_____/

**ORDER GRANTING MOTION TO ALLOW DISCLOSURE OF COMPUTER
REPORTS AND DOCUMENTS, GRANTING MOTION FOR
CONCURRENCE, GRANTING MOTION TO AMEND/CORRECT
SCHEDULING ORDER, AND GRANTING MOTION TO
COMPEL DEPOSITION AND TO EXPEDITE MOTION HEARING**

**I.    BACKGROUND**

On May 13, 2010, Plaintiffs General Retirement System of the City of Detroit and the Police and Fire Retirement System of the City of Detroit filed a Complaint against several defendants. A First Amended Complaint was filed on June 7, 2010 and then a Second Amended Complaint was filed on November 1, 2010. The Second Amended Complaint currently governs this matter. There are three Plaintiffs in the Second Amended Complaint: General Retirement System of the City of Detroit ("GRS-Detroit"), the Police and Fire Retirement System of the City of Detroit ("PFRS-Detroit"), the Board of Trustees of the City of Pontiac General Employees Retirement System

("Pontiac-GERS"). The Second Amended Complaint is against the following Defendants: Onyx Capital Advisors, LLC ("Onyx Capital"), Onyx Capital Advisory Fund I, LP ("Onyx Fund"), Onyx Intelligence Solutions, LLC ("Onyx Intelligence"), Second Chance Motors, Inc. ("Second Chance"), SCM Credit, LLC ("SCM Credit"), SCM Finance, LLC ("SCM Finance"), 1097 Sea Jay, LLC ("Sea Jay"), Roy Dixon, Jr. ("Dixon"), Michael A. Farr ("Farr"), and Erica Robertson ("Robertson") (collectively "Defendants").

There were originally 22 counts alleged in the 67-page Second Amended Complaint. Counts II (Aiding and Abetting Violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q) and Count IV (Aiding and Abetting Violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10(b)-5) have been dismissed against Farr, Second Chance, SCM Credit, SCM Finance and Sea Jay. (No. 144, Order). The claims set forth in the Second Amended Complaint against Defendants are based on violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), and the Securities Act of 1933, 15 U.S.C. § 77 *et seq.* Plaintiffs also allege conversion, fraudulent and negligent misrepresentations, breach of fiduciary duty, breach of contract and accounting.

GRS-Detroit, PFRS-Detroit, and Pontiac-GERS entered into a limited partnership with Onyx Capital, forming Onyx Fund. (Limited Partnership Agreements dated 6/7/07 and 6/25/07) GRS-Detroit and PFRS-Detroit each committed to contribute $10,000,000 to the Onyx Fund, of which GRS-Detroit contributed $10,000,000 and PFRS-Detroit contributed $9,945,749. (Sec. Am. Comp., ¶¶ 20-21) Pontiac-GERS committed to contribute $5,000,000 to the Onyx Fund, of which it contributed $3,643,200. (Sec. Am. Comp., ¶ 22) Plaintiffs allege that Defendants made material misrepresentations of fact as to the nature of the investments. (Sec. Am. Comp., ¶ 23) They further

2

allege that the Farr entities conspired with the Onyx entities to implement a scheme to induce Plaintiffs to invest funds where each Defendant improperly obtained some of the Subject Monies for their personal benefit and the benefit of the companies they owned and/or controlled.  (Sec. Am. Comp., ¶ 24)  As a result of Defendants' conduct, the United States Securities and Exchange Commission has initiated a civil action against Onyx Capital, Dixon and Farr alleging various violations of the Securities Act, the Exchange Act and the Advisers Act.  (Sec. Am. Comp., ¶ 118) (Case No. 10-11633, *United States SEC v. Onyx Capital*).

This matter is before the Court on the Motion to Allow Disclosure of Computer Records and Documents filed by GRS-Detroit and PFRS-Detroit.  Pontiac-GERS concurs with the motion.  All three Plaintiffs also seek amendment of the Scheduling Order.  No responses from any Defendant were filed to any of the motions scheduled for a hearing.

## II.    MOTION TO ALLOW DISCLOSURE OF COMPUTER RECORDS AND DOCUMENTS

On June 18, 2010, the Court issued a Preliminary Injunction Order allowing Plaintiffs access to review, inspect and copy relevant Records in Defendant Onyx Capital Advisors, LLC's possession, including electronic data. Plaintiffs were allowed access to the Onyx offices but Plaintiffs claim it became apparent that some of the Records they sought were contained on laptop computers used by Defendants Roy Dixon, Jr. and Erica Robertson.  Plaintiffs filed a Motion for Order to Show Cause and Contempt for Failure to Comply with Preliminary Injunction.  At the hearing on the motion, the parties agreed to a certain procedure and protocol to image the devices which are encompassed in a stipulated Protective Order entered on October 25, 2010.

The Protective Order provided that Vestige Digital Investigations was to image the computers and produce three reports:  1) Report of Relevant Content; 2) Abstract of Select

Provisions of the Report of Relevant Content; and 3) Report of Relevant Artifacts.  On February 18, 2011, Vestige served its first Abstract of Select Provisions and Report of Relevant Artifacts on all parties as provided by the Protective Order (P.O., ¶ II.E.2.)  Vestige also served its first Report of Relevant Content to Roy Dixon as provided by the Protective Order. (P.O., ¶ II.E.2.)  According to the Protective Order, Defendant Dixon was required to redact the Report of Relevant Content for privileged or confidential information, prepare a privilege log identifying the items that had been redacted, and serve a copy of the electronic redacted Report to Plaintiff's counsel within 10 business from receiving the report.  (P.O., ¶ II.E.4.)  Defendant Dixon has failed to do so to date.  Defendant Dixon has also failed to request additional time from the Court as required under the Protective Order.  (P.O., ¶ IV.A.)  Plaintiffs now seek production of the Report of Relevant Content with less than the full privilege review by Defendant Dixon, finding that such a production does not waive the claim of privilege for any material as provided under the Protective Order.  (P.O., ¶ IV.A.)  Plaintiffs assert they require the information in order to move forward with their discovery.

Based on Plaintiffs' allegations in their motion and without a response from Defendant Dixon, it appears that Defendant Dixon has not complied with the Protective Order by failing to provide a redaction of the Report of Relevant Content for privileged or confidential information, by failing to prepare a privilege log and by failing to serve a copy of the electronic redacted report to Plaintiffs' counsel.  Under the Protective Order agreed to by Defendant Dixon, Plaintiffs are entitled to the information without the full privilege review by Defendant Dixon.  Such production of the information does not waive any claim of privilege Defendant Dixon may be entitled to as to information which may be privileged.  Plaintiffs' motion is GRANTED.

### III. PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER

Plaintiffs in this case (not the United States in the related case) assert that none of the Defendants, except Erica Robertson, have participated in any discovery requests. As noted by Plaintiffs, the Onyx Defendants currently have no counsel. The Farr entities' counsel died and the Court allowed time to obtain new counsel. It is noted that local counsel is S. Allan Early. To date, no new counsel has appeared on behalf of the Farr entities. Defendant Roy Dixon is proceeding *pro se*. There are currently pending motions before the Court which have yet to be ruled upon in this case: Motion to Dismiss Second Amended Complaint by the Farr entities; the Motion to Set Aside Clerks' Entry of Default by the Farr entities; Motion to Stay Discovery filed by the Farr entities and the Motion to Compel Discovery from the Farr entities by the Plaintiffs. These pending motions all relate to the Farr entities. The Court allowed further briefing on the matter.

The current Scheduling Order provides that expert witnesses be named by May 31, 2011, with rebuttal expert witnesses to be named by June 30, 2011. Plaintiffs in this case cannot name such experts based on the lack of progress regarding discovery and the pending motions. Discovery is to be completed by September 30, 2011. Given the outstanding discovery in this case, the scheduling order will be amended. The Motion to Amend Scheduling Order is GRANTED.

**IV.   MOTION TO COMPEL DEPOSITION BY PLAINTIFFS AS TO ROY DIXON**

This Motion to Compel was filed on July 14, 2011. At the time the hearing was held on the other matters above, the time to file a response had yet to run. Plaintiffs sought an "expedited" hearing on this motion to be held on July 19, 2011. The Court indicated it would not enter an order until the time to respond had run. To date, no response has been filed to the Motion to Compel.

Plaintiffs noticed Roy Dixon's deposition for August 5, 2011 in Atlanta, Georgia, where Mr. Dixon resides. Plaintiffs' counsel, after several attempts to contact Mr. Dixon to confirm the date,

finally spoke with him on July 8, 2011. Mr. Dixon responded that he was unavailable on any day in August 2011. Plaintiffs claim they will be prejudiced if Mr. Dixon will not appear on August 5, 2011, after Plaintiffs' counsel has traveled to Georgia for the deposition. Plaintiffs seek to compel Mr. Dixon to appear for a deposition within the next two weeks. The motion was premature at the time the motion was filed since the August 5, 2011 date had yet to occur. At the July 19, 2011 hearing, the Court indicated the parties need not appear for the scheduled deposition on August 5, 2011 but that the Court would order Mr. Dixon to appear at his deposition at the courthouse.

Rule 37(a) of the Rules of Civil Procedure allows a party to make a motion to compel the opposing party to respond to discovery requests. Fed. R. Civ. P. 37(a). If the *motion to compel is granted*, the court may impose sanctions, including attorney fees and costs. Fed. R. Civ. P. 37(a)(4). If a party *fails to comply with a Court's order*, then the moving party may file a motion under Rule 37(b)(2) for more severe sanctions such as striking out pleadings, prohibiting a party from introducing matters into evidence or entering a default judgment or dismissal against the party failing to obey any orders. Fed.R.Civ.P. 37(b)(2)(C). Dismissal or judgment in this case is the sanction of last resort but a district court does not abuse its discretion in dismissing a case even though other sanctions might be workable, if dismissal is supported on the facts. *Beil v. Lakewood Eng'r and Mfg. Co.,* 15 F.3d 546, 552 (6th Cir. 1994); *Bell & Beckwith v. United States,* 766 F.2d 910, 912 (6th Cir. 1985).

In this case, no violation of the deposition notice had occurred at the time the parties were before the Court for the above motions. The Motion to Compel was premature under Rule 37(a) since Mr. Dixon had yet to fail to appear at his deposition. However, Plaintiffs have been informed by Mr. Dixon that he is not available at anytime during the month of August 2011. It is noted that

the current Scheduling Order provides that discovery be completed by September 30, 2011. Given that Mr. Dixon is unable to provide Plaintiffs with a firm date for his deposition, the Court orders that Mr. Dixon appear for his deposition on September 15, 2011, 9:00 a.m. at the courthouse, 231 W. Lafayette, Room 251, Detroit, MI 48226. The parties must make arrangements with the Case Manager for a conference room prior to the September 15 date. The parties are to provide their own court reporter for the deposition. The Motion to Compel Mr. Dixon to appear at his deposition is GRANTED.

**V.     CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Motion to Allow Disclosure of Computer Reports and Documents **(Doc. No. 160, filed 3/15/11)** is GRANTED.

IT IS FURTHER ORDERED that the Motion for Concurrence re Motion to Allow Disclosure of Computer Reports and Documents **(Doc. No. 161, filed 5/4/11)** is GRANTED.

IT IS FURTHER ORDERED that the Motion to Amend/Correct Scheduling Order **(Doc. No. 162, filed 5/31/11)** is GRANTED. Discovery must be completed by **April 30, 2012.** A status conference is scheduled for **Tuesday, January 17, 2012, 2:15 p.m.** Remaining dates will be issued at the status conference.

IT IS FURTHER ORDERED that the Motion to Compel Deposition of Roy Dixon, Jr. and to Expedite Motion Hearing **(Doc. No. 164, filed 7/14/11)** is GRANTED.

IT IS FURTHER ORDERED that Roy Dixon, Jr. appear at a deposition to be conducted by Plaintiffs' attorneys on **September 15, 2011, 9:00 a.m.** at the courthouse, 231 W. Lafayette, Room

7

251, Detroit, Michigan, 48226. The parties must make arrangements with the Case Manager for a conference room prior to the September 15 date. The parties are to provide their own court reporter for the deposition. Failure to appear by Mr. Dixon may result in sanctions upon motion.

                                                s/Denise Page Hood
                                                United States District Judge

Dated:  August 17, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2011, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager