UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT, POLICE AND
FIRE RETIREMENT SYSTEM OF THE
CITY OF DETROIT, and THE BOARD OF
TRUSTEES OF THE CITY OF PONTIAC
GENERAL EMPLOYEES RETIREMENT
SYSTEM,

    Plaintiffs,

v.

ONYX CAPITAL ADVISORS, LLC, ONYX
CAPITAL ADVISORY FUND I, LP, SECOND
CHANCE MOTORS, INC., SCM CREDIT, LLC,
SCM FINANCE, LLC, 1097 SEA JAY, LLC,
ROY DIXON, JR., and MICHAEL A. FARR,

    Defendants.
_____/

Case No. 10-CV-11941

HONORABLE DENISE PAGE HOOD

**ORDER REGARDING PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT,
PLAINTIFFS' MOTION TO COMPEL AND ROY DIXON'S
MOTION TO APPOINT COUNSEL**

**I.    BACKGROUND**

On November 1, 2010, Plaintiffs General Retirement System of the City of Detroit ("GRS-Detroit") and Police and Fire Retirement System of the City of Detroit ("PFRS-Detroit") and Board of Trustees of the City of Pontiac General Employees Retirement System ("Pontiac GERS") filed a Second Amended Complaint against Defendants Onyx Capital Advisors, LLC ("Onyx Capital"), Onyx Capital Advisory Fund I, LP ("Onyx Fund"), Onyx Intelligence Solutions, LLC ("Onyx Intelligence"), Second Chance Motors, Inc. ("Second Chance"), SCM Credit, LLC ("SCM Credit"), SCM Finance, LLC ("SCM Finance"), 1097 Sea Jay, LLC ("1097 Sea Jay"), Roy Dixon, Jr. ("Dixon"), Michael A. Farr ("Farr"), and Erica Robertson ("Robertson") (collectively

"Defendants").

The claims count set forth in the 22-count Second Amended Complaint against Defendants are based on violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), and the Securities Act of 1933, 15 U.S.C. § 77 *et seq*. Plaintiffs also allege conversion, fraudulent and negligent misrepresentations, breach of fiduciary duty, breach of contract and accounting. There were originally 22 counts alleged in the 67-page Second Amended Complaint. Pursuant to the parties' stipulation, Counts II (Aiding and Abetting Violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q) and Count IV (Aiding and Abetting Violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10(b)-5) have been dismissed against Farr, Second Chance, SCM Credit, SCM Finance and Sea Jay. (No. 144, Order). In an Order granting in part and denying in part a Motion to Dismiss the Second Amended Complaint, the Court ordered:

> Counts V (RICO), VI (RICO), VII (common law conversion), VIII (statutory conversion), IX (fraudulent misrepresentation), X (negligent misrepresentation), XI (silent misrepresentation), XII (breach of fiduciary duty) are DISMISSED as to Defendants 1097 Sea Jay, LLC, Michael A. Farr, SCM Credit, LLC, SCM Finance, LLC and Second Chance Motors, Inc. Counts XV (unjust enrichment), XVI (money had and received), XVII (civil conspiracy), XXII (constructive trust) remain as to these Defendants.
>
> \* \* \*
>
> IT IS FURTHER ORDERED that Count XXI, the equitable accounting count, is DISMISSED as to all Defendants.

(Doc. No. 168, 9/29/2011 Order)

The pension funds, GRS-Detroit, PFRS-Detroit, and Pontiac-GERS entered into a limited partnership with Onyx Capital, forming Onyx Fund. (Limited Partnership Agreements dated 6/7/07

and 6/25/07) GRS-Detroit and PFRS-Detroit each committed to contribute $10,000,000 to the Onyx Fund, of which GRS-Detroit contributed $10,000,000 and PFRS-Detroit contributed $9,945,749. (Sec. Am. Comp., ¶¶ 20-21) Pontiac GERS committed to contribute $5,000,000 to the Onyx Fund, of which it contributed $3,643,200. (Sec. Am. Comp., ¶ 22) Plaintiffs allege that Defendants made material misrepresentations of fact as to the nature of the investments. (Sec. Am. Comp., ¶ 23) They further allege that the Farr entities conspired with the Onyx entities to implement a scheme to induce Plaintiffs to invest funds where each Defendant improperly obtained some of the Subject Monies for their personal benefit and the benefit of the companies they owned and/or controlled. (Sec. Am. Comp., ¶ 24) As a result of Defendants' conduct, the United States Securities and Exchange Commission initiated a civil action against Onyx Capital, Dixon and Farr alleging various violations of the Securities Act, the Exchange Act and the Advisers Act. (Sec. Am. Comp., ¶ 118) (Case No. 10-11633, *United States SEC v. Onyx Capital*).

The action is stayed as to the individual Dixon because of the bankruptcy action filed in the Bankruptcy Court for the Northern District of Georgia. (Doc. No. 178, 12/2/2011 Order Staying Case)

This matter is before the Court on various motions filed by the parties. A hearing was held on the matter.

II. **TWO MOTIONS FOR DEFAULT JUDGMENT FILED BY GRS-DETROIT AND DETROIT POLICE AND FIRE RETIREMENT SYSTEMS AND THE TRUSTEES OF THE CITY OF PONTIAC RETIREMENT SYSTEM**

The two separate motions filed by Plaintiffs are addressed together since they present the same arguments. The collective Plaintiffs seek default judgments against the Onyx Defendants under Rule 55(b) of the Rules of Civil Procedure.

3

The entry of default under Fed. R. Civ. P. 55(a) is the first procedural step necessary in obtaining a default judgment. *Shepard Claims Serv., Inc. v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir. 1986). Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b)(2) states that a party must apply to the Court for a default judgment. The Court may conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). "Where damages are unliquidated a default admits only the defaulting party's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110 (6th Cir. 1995)(citation omitted). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Credit Lyonnais Securities (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999). Although an evidentiary hearing is not required to determine damages, the district must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *Id.* Evidence to support damages may include sworn declaration or affidavit and any supporting documentation necessary for the court to ascertain damages with reasonable certainty. *Vesligaj v. Peterson,* 331 Fed. Appx. 351, 356 (6th Cir. May 11, 2009)(unpublished).

Plaintiffs filed a joint Second Amended Complaint on November 1, 2010. The Clerk entered default against Onyx Capital Advisors and Onyx Capital Advisory Fund I on December 2, 2010. (Doc. Nos. 127, 127)  The Clerk's Entry of Default as to Onyx Intelligence was entered on December 7, 20120. (Doc. No. 132) Plaintiffs now seek default judgment against these Defendants

4

under Rule 55(b)(2).

The GRS-Detroit seeks damages in the amount of $30,000,000, which is treble the principal amount of money wrongfully procured from GRS-Detroit and subsequently misappropriated by the Onyx Defendants. The PFRS-Detroit seeks an award of damages in the amount of $29,837,247, which it claims is treble the principal amount of money wrongfully procured from PFRS and subsequently misappropriated by the Onyx Defendants. These Plaintiffs seek $736,872,51 in attorney fees and $235,000 in costs.

The Pontiac GERS seeks an award in the amount of $11,684,349, which it claims is treble the principal amount of money wrongfully procured from the Pontiac GERS and subsequently misappropriated by the Onyx Defendants. This Plaintiff seeks $285,301 in attorney fees and $68,135.79 in costs.

Plaintiffs, other than stating the amounts of the award sought, did not submit any documentation to support the amounts sought. Plaintiffs have not properly supported the damages requested in their motion. This Court is unable to determine the damages with certainty.

As to attorney fees, Rule 54(d)(2) and Local Rule 54.1.2 contemplate a separate motion for attorney fees to be filed after it has been determined that a party is a prevailing party. Here, Plaintiffs sought attorney fees in the same motion as their default judgment motion. Additionally, Plaintiffs have not properly supported their request for attorney fees in order for the Court to determine that the attorney fees are reasonable. There is no documentation or affidavit submitted to show what work was performed by which attorney in connection with the claims against the Onyx Defendants only. The Court cannot determine whether the amount requested was apportioned properly as to each defendant. The Court is also unable to determine whether work by the several

attorneys involved may be duplicitous, excessive or otherwise redundant. The Court requires more than Plaintiffs' conclusory assertion as to the amount Plaintiffs claim for attorney fees. The Supreme Court requires appropriate documentation to support the requested attorney fees in a manner that will enable a reviewing court to identify distinct claims. *See, e.g., Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983); *Building Serv. Local 47 cleaning Contractors Pension Plan v. Grandview Raceway,* 46 F.3d 1392, 1400-04 (6th Cir. 1995); *Wayne v. Village of Sebring,* 36 F.3d 517, 531 (6th Cir. 1994). Inadequate documentation is grounds for a reduction of an attorney fee award. *Hensley,* 461 U.S. at 331.

As to costs, Local Rule 54.1 and the Bill of Costs Handbook set forth the procedure on how a prevailing party seeks costs from the Clerk. Costs incurred by the prevailing party are to be submitted to the taxation clerk, after the case is resolved.

The Court grants default judgment but denies the requested damages since the damages amounts are not properly supported. The attorney fees requested must be denied without prejudice, until the claims against all defendants are resolved. Plaintiffs may thereafter file the appropriate motion and documentation to support the requested attorney fees award. The requests for costs must also be denied without prejudice pending the resolution of all the claims against all defendants. Plaintiffs may later file the appropriate request for costs pursuant to this District's procedures noted above.

### III.  PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY FROM FARR DEFENDANTS

#### A.  Resolution

Plaintiffs filed a Second Motion to Compel Discovery from the Farr Defendants. Plaintiffs seek an order from the Court overruling the Farr Defendants' objections to the Request for

Productions and to compel the Farr Defendants to properly respond to their deficient answers to Interrogatories. Plaintiffs seek an order extending the discovery no less than 180 days (the time they claim the Farr Defendants refused to participate in discovery), appointing a discovery master with authority to resolve the parties' discovery disputes, and requiring the Farr Defendants to pay reasonable expenses, including attorney fees in connection with this motion.

At the hearing, Plaintiffs and the Farr Defendants informed the Court that they had resolved all the discovery issues, except for Interrogatory No. 1, which is addressed below. The parties' agreement was placed on the record. The parties indicated that a stipulated order would be submitted to memorialize the parties' agreement.

### B. Motion to Compel Standard

Rule 37(a) of the Rules of Civil Procedures allows a party to make a motion to compel the opposing party to respond to discovery requests. Fed. R. Civ. P. 37(a). If the *motion to compel is granted*, the court may impose sanctions, including attorney fees and costs. Fed. R. Civ. P. 37(a)(4). If a party *fails to comply with a Court's order*, then the moving party may file a motion under Rule 37(b)(2) for more severe sanctions such as striking out pleadings, prohibiting a party from introducing matters into evidence or entering a default judgment or dismissal against the party failing to obey any orders. Fed.R.Civ.P. 37(b)(2)(C). Dismissal is the sanction of last resort but a district court does not abuse its discretion in dismissing a case even though other sanctions might be workable, if dismissal is supported on the facts. *Beil v. Lakewood Eng'r and Mfg. Co.,* 15 F.3d 546, 552 (6th Cir. 1994); *Bell & Beckwith v. United States,* 766 F.2d 910, 912 (6th Cir. 1985).

### C. Interrogatory No. 1

Interrogator No. 1 seeks information regarding the legal and factual bases for any Request

7

for Admission that each of the Farr Defendant did not specifically admit. The Farr Defendants objected to this interrogatory indicating that it is an improper interrogatory since Rule 33(a)(1) only provides for a party to propound 25 interrogatories, including subparts. The Farr Defendants claim that with the 6 subparts in this interrogatory, the number of interrogatories requested would total nearly 200 interrogatories for each Farr Defendant. The Farr Defendants also object claiming they cannot respond to the questions since they require further discovery on the issues raised.

Rule 33(a)(1) provides that unless stipulated or ordered otherwise, no more than 25 written interrogatories, including all discrete subparts, can be propounded. Fed. R. Civ. P. 33(a)(1). This Court finds that the subparts exceed the number of interrogatories a party may propound. There were 38 requests for admissions submitted to each Farr Defendant. Each Farr Defendant denied 32 of the admissions. With the six subparts propounded by Plaintiffs, each Farr Defendant would be required to answer nearly 200 interrogatories as argued by the Farr Defendants. However, the Court finds that subparts A and B of Interrogatory No. 1 are relevant and must be responded to by each Defendant, within 21 days from the entry of this Order. Fed. R. Civ. P. 26(b)(1). The Court grants in part and denies in part Plaintiffs' Motion to Compel an answer to Interrogatory No. 1, subparts A and B.

### IV.   ROY DIXON'S MOTION FOR APPOINTED COUNSEL

Roy Dixon filed the instant Motion to appoint counsel. However, there is a stay of the action against him in this case because of his bankruptcy filing. (Doc. No. 178, Order Staying Case) This motion is denied without prejudice.

### V.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that General Retirement System of the City of Detroit and the Police and Fire Retirement System of the City of Detroit's Motion for Default Judgment as to Onyx Defendants **(No. 180, 12/16/2011)** is GRANTED as to liability but DENIED as to the damages requested.

IT IS FURTHER ORDERED that the Trustees of Pontiac's Retirement System's Motion for Default Judgment as to Onyx Defendants **(No. 182, 12/22/2011)** is GRANTED as to liability but DENIED as to the damages requested.

IT IS FURTHER ORDERED that General Retirement System of the City of Detroit and the Police and Fire Retirement System of the City of Detroit's Second Motion to Compel from Farr Defendants as to Interrogatory No. 1 **(No. 183, 12/23/2011)** is GRANTED IN PART and DENIED IN PART. Each Farr Defendant must answer Interrogatory No. 1, subparts A and B, within 21 days from the entry of this Order.

IT IS FURTHER ORDERED that Roy Dixon's Motion to Appoint Counsel **(No. 191, 1/13/2012)** is DENIED without prejudice.

                                      S/Denise Page Hood
                                      Denise Page Hood
                                      United States District Judge

Dated: March 26, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2012, by electronic and/or ordinary mail.

                                      S/LaShawn R. Saulsberry
                                      Case Manager