**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT, POLICE AND
FIRE RETIREMENT SYSTEM OF THE
CITY OF DETROIT, and THE BOARD OF
TRUSTEES OF THE CITY OF PONTIAC
GENERAL EMPLOYEES RETIREMENT
SYSTEM,

      Plaintiffs,

                                    Case No. 10-CV-11941

v.

                                    HONORABLE DENISE PAGE HOOD

ONYX CAPITAL ADVISORS, LLC, ONYX
CAPITAL ADVISORY FUND I, LP, SECOND
CHANCE MOTORS, INC., SCM CREDIT, LLC,
SCM FINANCE, LLC, 1097 SEA JAY, LLC,
ROY DIXON, JR., and MICHAEL A. FARR,

      Defendants.
_____/

**ORDER REGARDING PLAINTIFFS' RENEWED MOTION FOR ENTRY OF
DEFAULT AS TO THE FARR DEFENDANTS
AND MOTIONS TO WITHDRAW AS COUNSEL**

**I.      BACKGROUND**

On November 1, 2010, Plaintiffs General Retirement System of the City of Detroit ("GRS-

Detroit") and Police and Fire Retirement System of the City of Detroit ("PFRS-Detroit")

(collectively, "Detroit Plaintiffs") and Board of Trustees of the City of Pontiac General Employees

Retirement System ("Pontiac GERS") filed a Second Amended Complaint against Defendants Onyx

Capital Advisors, LLC ("Onyx Capital"), Onyx Capital Advisory Fund I, LP ("Onyx Fund"), Onyx

Intelligence Solutions, LLC ("Onyx Intelligence"), Second Chance Motors, Inc. ("Second Chance"),

SCM Credit, LLC ("SCM Credit"), SCM Finance, LLC ("SCM Finance"), 1097 Sea Jay, LLC

("1097 Sea Jay"), Roy Dixon, Jr. ("Dixon"), Michael A. Farr ("Farr"), and Erica Robertson

("Robertson") (collectively "Defendants"). The claims set forth in the 22-count Second Amended Complaint against Defendants are based on violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), and the Securities Act of 1933, 15 U.S.C. § 77 *et seq.* Plaintiffs also allege conversion, fraudulent and negligent misrepresentations, breach of fiduciary duty, breach of contract and seek an accounting. On March 26, 2012, the Court entered default judgment as to the Onyx corporate entities. (3/26/2012 Order, p. 6).

This matter is now before the Court on Rodd Walton's Motion to Withdraw as counsel as to the Farr Defendants and S. Allen Early's Motion to Withdraw as local counsel for the Farr Defendants. Plaintiffs filed objections to Mr. Walton's request to withdraw. At the hearing, Mr. Walton withdrew his Motion to Withdraw as counsel. Also before the Court is Plaintiffs' *Renewed* Motion for Entry of Default as to the Farr Defendants. No response to the Motion for Entry of Default has been filed. A hearing was held on the matter.

## II. MOTIONS TO WITHDRAW AS COUNSEL FOR FARR DEFENDANTS

Mr. Walton withdrew his Motion to Withdraw as Counsel for the Farr Defendants at the hearing. The Court granted Mr. Early's Motion to Withdraw as local counsel on the record.

## III. RENEWED MOTION FOR ENTRY OF DEFAULT AS TO THE FARR DEFENDANTS

This is the second Motion for Entry of Default filed by Plaintiffs against the Farr Defendants. Plaintiffs had withdrawn their earlier Motion for Entry of Default when Mr. Walton appeared as counsel and the parties entered into a Stipulation and Order as to further discovery. (Doc. No. 244) The November 1, 2012 Stipulation and Order entered into between Plaintiffs and the Farr Defendants indicated the Motion for Entry of Default against the Farr Defendants was withdrawn without prejudice in accordance with the terms of the Order. (Doc. No. 244, Pg ID 4652) Plaintiffs

2

now renew their motion for an entry of default as to the Farr Defendants because they allege further discovery violations by the Farr Defendants.

The November 1, 2012 Stipulation and Order indicates that the Farr Defendants shall appear for depositions beginning on November 12, 2012, to be completed by November 15, 2012.  (Doc. No. 244, Pg ID 4653).  Plaintiffs' counsel went to Atlanta, Georgia for the depositions. The depositions took place on November 13-14 (Michael Farr) and November 15 (Cynthia Farr). Plaintiffs assert that Michael Farr's deposition was not completed and that Mr. Farr attempted to frustrate the deposition, including not having sufficient knowledge as a Rule 30(b)(6) witness to answer questions regarding the corporate entities.  The parties agreed to continue the depositions on January 7, 2013 and notices were sent by Plaintiffs.  Shortly before depositions were scheduled on the afternoon of January 7, 2013, Mr. Walton left a message indicating neither he nor the Farr Defendants would appear for the deposition.  According to Plaintiffs, Mr. Walton has not responded to any of the Plaintiffs' messages since January 2013.  Although the Farr Defendants did not submit a written response to the motion, Mr. Walton appeared at the hearing and set forth on the record reasons why the depositions were not completed and reasons for not responding to Plaintiffs' counsel, including illness of a near relative.

In general, Rule 37(b)(2)(B) of the Rules of Civil Procedure provides for sanctions where a party fails to comply with a court order requiring the party to produce another person for examination, including prohibiting the disobedient party from introducing matters in evidence, striking pleadings, rendering default judgment against the disobedient party, treating as contempt of court the failure to obey an order or any further "just orders." Fed. R. Civ. P. 37(b)(2)(A) & (B).

The Court entered an Order as to the depositions of the Farr Defendants which were to be

3

completed by November 15, 2012.  Although Plaintiffs agreed to continue the depositions until January 7, 2013, the Farr Defendants failed to appear, and have failed to communicate with Plaintiffs since that time.  The Stipulated Order states that default shall be immediately entered should there by any failure to comply with any obligation in the Order.  (Doc. No. 244, Pg ID 4653)  Based on the Plaintiffs' submissions, the Farr Defendants' depositions are not complete.  The Farr Defendants have violated the Court's Order, agreed to by the Farr Defendants.  The parties also agreed that default will be entered for failure to comply with the Order.  The Farr Defendants did not respond to the Renewed Motion for Entry of Default.  If a party fails to respond or otherwise oppose a motion, the district court may deem the party waived opposition to the motion.  *See Humphrey v. U.S. Attorney General's Office,* 279 Fed. Appx. 328, 331 (6th Cir. 2008).  Plaintiffs' Motion for Entry of Default as to the Farr Defendants is granted under Rule 37(b)(2)(B) for violations of the Court's orders and the discovery rules set forth in the Rules of Civil Procedure.  Plaintiffs' request for attorney fees and costs relating to this motion is denied.

## IV.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Renewed Motion for Entry of Default as to the Farr Defendants **(Doc. No. 249)** is GRANTED.  Default is entered against Defendants Second Chance Motors, Inc., SCM Credit, LLC, SCM Finance, LLC, 1097 Sea Jay, LLC and Michael A. Farr.

IT IS FURTHER ORDERED that S. Allen Early's Motion for Withdrawal as counsel **(Doc. No. 253)** is GRANTED.

IT IS FURTHER ORDERED that Rodd Walton's Motion to Withdraw as counsel **(Doc. No. 255)** is WITHDRAWN.

4

                         S/Denise Page Hood
                         Denise Page Hood
                         United States District Judge

Dated:  May 15, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May
15, 2013, by electronic and/or ordinary mail.

                         S/LaShawn R. Saulsberry
                         Case Manager

5