UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT, POLICE AND
FIRE RETIREMENT SYSTEM OF THE
CITY OF DETROIT, and THE BOARD OF
TRUSTEES OF THE CITY OF PONTIAC
GENERAL EMPLOYEES RETIREMENT
SYSTEM,

    Plaintiffs,

v.

ONYX CAPITAL ADVISORS, LLC, ONYX
CAPITAL ADVISORY FUND I, LP, ONYX
INTELLIGENCE SOLUTIONS, LLC, SECOND
CHANCE MOTORS, INC., SCM CREDIT, LLC,
SCM FINANCE, LLC, 1097 SEA JAY, LLC,
ROY DIXON, JR., and MICHAEL A. FARR,

    Defendants.
_____/



Case No. 10-CV-11941

HON. DENISE PAGE HOOD

**ORDER GRANTING PLAINTIFFS' MOTION TO LIQUIDATE AMOUNT
OF DEFAULT JUDGMENT AGAINST ONYX DEFENDANTS
AND FOR ENTRY OF DEFAULT JUDGMENT
AGAINST THE FARR DEFENDANTS
AND
ADMINISTRATIVELY CLOSING ACTION**

**I.    BACKGROUND**

On November 1, 2010, Plaintiffs General Retirement System of the City of

Detroit ("GRS-Detroit") and Police and Fire Retirement System of the City of Detroit ("PFRS-Detroit") (collectively, "Detroit Plaintiffs") and Board of Trustees of the City of Pontiac General Employees Retirement System ("Pontiac GERS") filed a Second Amended Complaint against Defendants Onyx Capital Advisors, LLC ("Onyx Capital"), Onyx Capital Advisory Fund I, LP ("Onyx Fund"), Onyx Intelligence Solutions, LLC ("Onyx Intelligence"), Second Chance Motors, Inc. ("Second Chance"), SCM Credit, LLC ("SCM Credit"), SCM Finance, LLC ("SCM Finance"), 1097 Sea Jay, LLC ("1097 Sea Jay"), Roy Dixon, Jr. ("Dixon"), Michael A. Farr ("Farr"), and Erica Robertson ("Robertson") (collectively "Defendants"). The claims set forth in the 22-count Second Amended Complaint against Defendants are based on violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), and the Securities Act of 1933, 15 U.S.C. § 77 *et seq.* Plaintiffs also allege conversion, fraudulent and negligent misrepresentations, breach of fiduciary duty, breach of contract and accounting.

On December 2, 2011, the Court entered an order staying the action as to the individual Defendant Dixon because of he filed a bankruptcy action in the Bankruptcy Court for the Northern District of Georgia. (Doc. No. 178) On March 26, 2012, the Court entered default judgment as to the Onyx corporate entities. (Doc. No. 201; 3/26/2012 Order, p. 6). On May 15, 2013, the Court entered an order

2

granting Plaintiffs' Motion for Entry of Default as to the Farr Defendants. (Doc. No. 267) On June 18, 2013, the Court entered an Order Staying the Case Against Defendant 1097 Sea Jay because of a bankruptcy filing. (Doc. No. 271) A Stipulation and Order was entered dismissing Defendant Robertson on July 10, 2013. (Doc. No. 271)

This matter is now before the Court on all the Plaintiffs' Motion to Liquidate the Amount of Default Judgment against the Onyx Defendants (Onyx Capital, Onyx Fund and Onyx Intelligence) and for Entry of Default Judgment against the Farr Defendants (Second Chance, SCM Credit, SCM Finance, and individual Defendant Farr). No response was filed to the motion.

A hearing was held on the matter on July 31, 2013. The Court allowed Rodd Walton, counsel for the Farr Defendants, to appear by telephone even though no written response to Plaintiffs' motion was filed by the Farr Defendants. Mr. Walton indicated he did not receive notice of the July 31, 2013 hearing date. The automatic Notice of Electronic Filing notes the Notice was electronically mailed on June 14, 2013, 1:24 p.m. EDT to Mr. Walton's email address he submitted to the Court, as required by the Court's ECF Policies and Procedures and E.D. Mich. LR 5.1.1. (Doc. No. 270 NEF) No electronic message was returned on the docket indicating that such electronic notice was not properly sent.

3

## II. MOTION TO LIQUIDATE THE AMOUNT OF DEFAULT JUDGMENT AGAINST THE ONYX DEFENDANTS

As noted above, the Court entered a Default Judgment against the corporate entities known as the Onyx Defendants, with the amount of damages to be determined. Plaintiffs have now submitted the amount of damages they request. Plaintiffs assert that based on the Complaint and subsequent discovery, they are entitled to no less than $23,688,949 from the Onyx Defendants. Plaintiffs submitted details of the requested amount set forth in the Sargent Report. (Ex. 1 to Motion) J. Bradley Sargent is Plaintiffs' expert in this matter. His qualifications and the scope of his opinion are also set forth in the report. There is no objection to Mr. Sargent's qualification as an expert in this matter. The report explains in great detail how the cash flowed from Plaintiffs' accounts to the Onyx Defendants in particular and the documents Mr. Sargent reviewed to substantiate his report. Based on this unrebutted report and the Court's review of the report, the Court finds that the amount requested by Plaintiffs as to the Onyx Defendants is properly supported.

In addition, Plaintiffs assert treble damages under the RICO and Michigan statutes. 18 U.S.C. § 1964(c) and M.C.L. § 600.2919a. Trebling $23,688,949 equals $71,066,847. Based on the statute, Plaintiffs are entitled to the treble damages requested in the amount of $71,066,847.

### III. MOTION FOR DEFAULT JUDGMENT AS TO THE FARR DEFENDANTS

The Court entered default against the Farr Defendants on May 15, 2013. Plaintiffs now seek an entry of default judgment against the Farr Defendants. No response was filed to the motion, as noted above.

Rule 55(b)(2) states that a party must apply to the Court for a default judgment. The Court may conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

Plaintiffs assert that based on the Complaint and subsequent discovery, they are entitled to no less than $16,010,958 from the Farr Defendants. Plaintiffs submitted details of the requested amount in the Sargent Report. (Ex. 1 to Motion) As noted above, Mr. Sargent is Plaintiffs' expert and there is no objection as to his qualifications. The report explains in great detail how the cash flowed from Plaintiffs' accounts to the Farr Defendants in particular and the documents Mr. Sargent reviewed to substantiate his report. Based on this unrebutted report and the Court's review of the report, the Court finds that the amount requested by Plaintiffs as to the Farr Defendants is properly supported in the amount of $16,010,958.

In addition, Plaintiffs assert treble damages under the RICO and Michigan

statutes. 18 U.S.C. § 1964(c) and M.C.L. § 600.2919a. Trebling $16,010,958 equals $48,032,874. Based on the statute, Plaintiffs are entitled to the treble damages requested in the amount of $48,032,874. Default Judgment must be entered against the Farr Defendants in the amount of $48,032,874.

## IV. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Plaintiffs' Motion to Liquidate Amount of Default Judgment Against the Onyx Defendants and for Entry of Default Judgment Against the Farr Defendants **(Doc. No. 268)** is **GRANTED**. Taxation of Costs by the Clerk and Motions for Attorney Fees are governed by E.D. Mich. LR 54.1 and 54.1.2.

**IT IS FURTHER ORDERED** that Default Judgment in the amount of $71,066,847.00 will be entered against Defendants Onyx Capital Advisors, LLC, Onyx Capital Advisory Fund I, LP and Onyx Intelligence Solutions, LLC.

**IT IS FURTHER ORDERED** that Default Judgment in the amount of $48,032,874.00 will be entered against Defendants Second Chance Motors, Inc., SCM Credit, LLC, SCM Finance, LLC and Michael A. Farr.

**IT IS FURTHER ORDERED** that the action is **STAYED** as to Defendants Roy Dixon, Jr. and 1097 Sea Jay, LLC pursuant to 11 U.S.C. § 362(a). The action as to Defendants Dixon and Sea Jay is **CLOSED** for administrative and statistical

purposes. This closing does not constitute a decision on the merits as to the claims against Defendants Dixon and Sea Jay. The action against Defendants Dixon and Sea Jay may be reopened after a party provides the Court with notice that the bankruptcy stay has been lifted.

                                                 /s/ Denise Page Hood
                                                 DENISE PAGE HOOD
                                                 United States District Judge

DATED: MAR 26 2014