**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**GENERAL RETIREMENT SYSTEMS**
**OF THE CITY OF DETROIT, POLICE**     Civil Action No. 10-cv-11941
**AND FIRE RETIREMENT SYSTEM**
**OF THE CITY OF DETROIT, and**        District Judge Denise Page Hood
**THE BOARD OF TRUSTEES OF THE**
**CITY OF PONTIAC GENERAL**            Magistrate Judge Mona K. Majzoub
**EMPLOYEES RETIREMENT**
**SYSTEM,**

    **Plaintiffs**

    **vs.**

**ONYX CAPITAL ADVISORS, LLC,**
**ONYX CAPITAL ADVISORY FUND**
**I, LP, ONYX INTELLIGENCE**
**SOLUTIONS, LLC, SECOND CHANCE**
**MOTORS, INC., SCM CREDIT, LLC,**
**SCM FINANCE, LLC,**
**1097 SEA JAY, LLC, ROY DIXON, JR.,**
**MICHAEL A. FARR, ERICA**
**ROBERTSON, jointly and severally**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiffs General Retirement Systems of the City of Detroit (GRSD), Police and Fire

Retirement System of the City of Detroit (PFRS) (together, the Detroit Plaintiffs), and the Board of

Trustees of the City of Pontiac General Employees Retirement System (the Pontiac Plaintiff),

pension funds for retired city workers, filed this action against Defendants alleging violations of the

RICO Act, 18 U.S.C. § 1964(C); Sections 12(A)(2) and 17(A) of the Securities Act of 1933, 15

U.S.C. §77L(A)(2), §77Q; Section 10(B) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78J;

Conversion; Fraudulent and Negligent Misrepresentation; Breach of Fiduciary Duty; Breach of

Contract; Civil Conspiracy, and various other acts, seeking the return in millions of dollars in investments. (*See* docket no. 1.) On March 26, 2014, the Court entered Default Judgment against Defendants Onyx Capital Advisors, LLC, Onyx Capital Advisory Fund I, LP, and Onyx Intelligence Solutions, LLC (the Onyx Defendants) and against Defendants Michael A. Farr, SCM Credit, LLC, SCM Finance, LLC, and Second Chance Motors, Inc. (The Farr Defendants). (Docket nos. 275 and 275.) Before the Court are the Detroit Plaintiffs' Motion for and Award of Attorneys' Fees and Non-Taxable Costs (docket no. 277) and the Pontiac Plaintiff's Motion for an Award of Attorneys' Fees and Non-Taxable Costs (docket no. 279). Defendants have not filed a Response to either Motion. The Motions have been referred to the undersigned for consideration pursuance to 28 U.S.C. § 636(b)(1)(B). (Docket nos. 281 and 283.) The Court now issues this Report and Recommendation. **I. Recommendation**

For the reasons stated below, the undersigned recommends granting in part and denying in part the Detroit Plaintiffs' Motion for Attorneys Fees and Costs [277] and granting the Pontiac Plaintiff's Motion for Costs and an Award of Attorneys Fees [279], awarding the following:

- Attorneys' fees for the Detroit Plaintiffs in the amount of $1,063,719.14;

- Costs for the Detroit Plaintiffs in the amount of $320,594.80;

- Attorneys' fees for the Pontiac Plaintiff in the amount of $416,108.75; and

- Costs for the Pontiac Plaintiff in the amount of $83,742.23.

**II.    Report**

**A.    Procedural History**

On May 13, 2010, Plaintiffs filed this matter against the Onyx Defendants, the Farr Defendants, and Defendants 1097 Sea Jay, LLC, Roy Dixon, JR., and Erica Robertson alleging the

misappropriation of nearly $20,000,000 in investment funds. (Docket no. 1.) On June 30, 2010, the Clerk's Office entered Default against Defendants Onyx Capital Advisors, LLC, and Onyx Capital Advisory Fund I, LP. (Docket nos. 31 and 32.) On July 27, 2010, the Clerk's Office entered Default against Defendant Roy Dixon, Jr. (Docket no. 45.) The Defaults against Defendants Onyx Capital Advisors, LLC, and Onyx Capital Advisory Fund I, LP, we set aside on October 15, 2010. (Docket no. 83.) Plaintiff filed an Amended Complaint on November 1, 2010. (Docket no. 93.)

On November 29, 2010, the Clerk's Office entered Default against Defendants 1097 Sea Jay, Roy Dixon Jr. (again), Michael A. Farr, SCM Credit, LLC, SCM Finance, LLC, and Second Chance, Motors, Inc. (Docket nos. 117-122.) On December 2, 2010, the Clerk's Office again entered Default against Defendants Onyx Capital Advisors, LLC, and Onyx Capital Advisory Fund I, LP. (Docket nos. 128 and 129.) On December 7, 2010, the Clerk's Office entered Default against Defendant Onyx Intelligence Solutions, LLC. (Docket no. 132.)

On December 2, 2011, the Court stayed this matter against Defendant Dixon due to a pending bankruptcy. (Docket no. 178.) On March 26, 2012, the Court entered Default Judgment against the Onyx Defendants but denied Plaintiffs' request for attorneys fees and costs without prejudice, noting that Plaintiffs would have to file a separate motion. (Docket no. 201 at 4-6.) On May 15, 2013, the Court entered Default Judgment against the Farr Defendants for failure to comply with court orders and discovery. (Docket no. 267.) This matter was then stayed against Defendant Sea Jay, and the parties' stipulated to the dismissal of Defendant Robertson. (Docket nos. 271 and 272.) The case was administratively closed, and Plaintiffs filed their instant Motions.

Through their Motion, the Detroit Plaintiffs' attorneys, Clark Hill, PLC (Clark Hill), seek

$1,422,302.04 in attorneys' fees and  $384,112.73 in non-taxable costs, broken down as follows[1,2]:

| Attorney / Paralegal | Hours Billed | Total Fees | Average Hourly Rate |
|---|---|---|---|
| Martin Crandall (MEK) | 18 | $ 6,613.05 | $ 367.39 |
| Ronald King (RAK) | 792.2 | $ 289,849.15 | $ 365.88 |
| Jordan Bolton (JSSB) | 1429 | $ 396,955.53 | $ 277.79 |
| Kristin Bellar (KMB) | 197.5 | $ 43,244.60 | $ 218.96 |
| Joseph Turner (JET) | 54.3 | $ 16,290.00 | $ 300.00 |
| Glenn Ross (GR1) | 193.6 | $ 28,752.00 | $ 148.51 |
| Carly Osadetz (CO1) | 10 | $ 1,400.00 | $ 140.00 |
| Sean Gallagher (SPG) | 845.8 | $ 158,732.40 | $ 187.67 |
| Valentina Petrusha (VP) | 195.7 | $ 30,784.98 | $ 157.31 |
| Cory Coe (CC1) | 8.9 | $ 1,246.00 | $ 140.00 |
| Leslie Gutierrez (LG1) | 23.3 | $ 3,262.00 | $ 140.00 |
| Bethany Stawasz (BGS) | 31.3 | $ 4,540.38 | $ 145.06 |
| Mark Carryl (MCC) | 63.5 | $ 10,525.32 | $ 165.75 |
| Rebecca Dukes (RJD) | 821.4 | $ 183,946.80 | $ 223.94 |
| Aaron Matthews (AOM) | 0.2 | $ 51.85 | $ 259.25 |

(continued)

---

[1]In the Plaintiffs' initial Motions, they failed to include enough information or support for the Court to determine whether the fees they requested were appropriate.  Thus, the Court ordered supplemental briefing, which was to include, "at a minimum, (1) the number of hours worked by each attorney; (2) the hourly rate at which that work was performed; and (3) the nature of the work performed" as well as "evidentiary support for their requested costs." (Docket no. 285.)  In their supplement, the Detroit Plaintiffs modified the amounts that they initially requested (*see* docket no. 287 at 2) and failed to include an overall summary of fees. The Detroit Plaintiffs provided monthly billing entries, which the undersigned used to create the following summary.

[2]The billing summaries provided by the Detroit Plaintiffs show that many of the attorneys and paralegals working on this matter received hourly rate increases during the four years that this matter was pending.  The "Average Rate" reflects the Total Billing in Dollars by eacht individual divided by the Total Hours Billed.

| | | | |
|---|---|---|---|
| Kristen M. Zendler (KMZ) | 7.4 | $ 1,037.85 | $ 140.25 |
| Evelyn Barnes (EB) | 150.9 | $ 26,138.00 | $ 173.21 |
| Lauren Coatney (LC1) | 92.9 | $ 14,855.03 | $ 159.90 |
| Kymberly Kinchen (KNK) | 15 | $ 2,422.50 | $ 161.50 |
| Todd Skowronski (TJS) | 79.9 | $ 13,470.38 | $ 168.59 |
| Kristen Polanski (KP) | 2 | $ 331.50 | $ 165.75 |
| Stewart Schwartz (SMS) | 637.9 | $ 156,482.88 | $ 245.31 |
| Charles Lawler (CAL) | 7 | $ 1,666.00 | $ 238.00 |
| Peter Jackson (PAJ) | 764.5 | $ 289,896.33 | $ 379.20 |
| Andrew Mast (AMM) | 79.8 | $ 11,854.10 | $ 148.55 |
| Karen Moore (KSM) | 207.5 | $ 27,154.53 | $ 130.87 |
| D.P. Valiotis (DPV) | 115.2 | $ 35,251.20 | $ 306.00 |
| Nathan Triplett (NAT) | 86.5 | $ 13,562.60 | $ 156.79 |
| Jason Canvasser (JRC) | 3.7 | $ 723.35 | $ 195.50 |
| Debashree (Reema) Nandy | 6.6 | $ 1,122.00 | $ 170.00 |
| Valerie J. Lawver (VL) | 4.7 | $ 539.33 | $ 114.75 |
| Michael Boland (MJB) | 0.7 | $ 163.63 | $ 233.76 |
| | 6946.7 | $ 1,772,813.38 | $ 255.20 |

**Costs:**

| | |
|---|---|
| Sargent Consulting: | $321,275.70 |
| Epiq eDiscovery: | $62,837.03 |
| **Total:** | **$384,112.73**[3] |

(*See* docket no. 287-2 for billing summaries and docket nos. 287-3 and 287-4 for cost summaries).

Notably, while the Detroit Plaintiffs' requested costs match their invoices, their requested attorneys'

fees of $1,422,302.04 represent only 80% of their attorneys' total billings of $1,772,865.23.

---

[3]This amount reflects 80% of the total billings from these vendors pursuant to an 80/20 cost-sharing agreement between the Detroit Plaintiffs and the Pontiac Plaintiff. The amounts reflected in the Pontiac Plaintiff's costs breakdown includes the remaining 20%.

Through

t h e i r

Motion,

t h e

Pontiac

Plaintiff'

s

attorneys,

Sullivan,

W a r d ,

| Attorney | Hours | Fees | Hourly Rate |
|---|---|---|---|
| Sharon Almonrode | 802.75 | $200,687.50 | $    250.00 |
| Gerard Andree | 57.6 | $  14,400.00 | $    250.00 |
| Anthony Asher | 108.95 | $  27,237.50 | $    250.00 |
| Michael Asher | 9.55 | $    2,387.50 | $    250.00 |
| Cynthia Billings | 199.3 | $  49,825.00 | $    250.00 |
| Sheri Cataldo | 1.3 | $       325.00 | $    250.00 |
| Wallace Handler | 319.1 | $  79,775.00 | $    250.00 |
| Matthew Henzi | 6.2 | $    1,550.00 | $    250.00 |
| Ronald Lederman | 9.6 | $    2,400.00 | $    250.00 |
| Debra Pevos | 4.7 | $    1,175.00 | $    250.00 |
| Laurence Smith | 66.2 | $  16,550.00 | $    250.00 |
| Amy Byer | 0.8 | $       120.00 | $    150.00 |
| Douglas Lash | 16.4 | $    2,460.00 | $    150.00 |
| Kevin Toll | 3.7 | $       555.00 | $    150.00 |
| Alex Washington | 6.2 | $       930.00 | $    150.00 |
| Matthew Zischke | 9.75 | $       828.75 | $      85.00 |
| Matilda Zoto | 3 | $       450.00 | $    150.00 |
| Erin Collins | 9.7 | $       824.50 | $      85.00 |
| Karyn Smith | 162.4 | $  13,804.00 | $      85.00 |
|  | 1797.2 | $416,284.75 |  |

Asher & Patton, P.C (Sullivan Ward), seek $416,108.75 in attorneys' fees and  $83,742.23 in
non-taxable costs, broken down as follows:

6

**Costs:**
    **Expert Witness Fees:**
        Sargent Consulting:   $62,808.80
        Vestige Limited:      $6,000.73
        Total Expert Fees:         $62,837.03
    **Copying and Imaging Services:**
        Aloha:            $2,226.50
        Xact Data:       $757.74
        Det. Legal Imaging:  $3.328.85
        Total Copying and Imaging:    $6,313.09
    **Additional Copying Services:**    $111.50
    **Misc. Legal Costs:**        $8,508.11[4]

        **Total:**           **$83,742.23**

(*See* docket no. 286-3 at 150-151 for billing summaries and docket no 286-3 at 156 and docket no. 286-5 at 2, 3, 4, 6, 39, and 41 for cost summaries.) Notably, the actual total of $416,284.75 reflected in the chart above does not match the total amount of $416,108.75 shown in the Pontiac Plaintiff's billing summary and requested in its Motion. The reason for the discrepancy is unclear and appears to be a mathematical error. As discussed, Defendants have not objected to Plaintiffs' Motions or their supplemental filings.

    **B.**    **Legal Standards**

        **1.**    **Attorney Fees Standard**

    A prevailing Plaintiff in a civil RICO claim "shall recover . . . the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. 1964(c). To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney."

---

[4]The Pontiac Plaintiff's summary shows a total of $8,581.11 instead of their requested total of $8,508.11. (*See* docket no. 286.3 at 156.) There reason for this discrepancy is unclear.

*Hett*, 2011 WL 740460, at *2 (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994).

But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the

local market rates for attorneys." *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D.Mich.

1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)).  In addition, the court considers

the following factors when calculating the reasonableness of attorney fees: (1) the professional

standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in

question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6)

the nature and length of the professional relationship with the client.  *Miller v. Alldata Corp.*, 14

Fed. Appx. 457, 468 (6th Cir. 2001).

> The Supreme Court has also provided guidance:
>
> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94-1011, p. 6 (1976).  Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission[.]

*Hensley v. Eckerhard*, 461 U.S. 424 (1983).

## 2.     Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs should be allowed

as a matter of course to the prevailing party unless the court, a federal statute, or a federal rule

directs otherwise.  In determining a motion for costs, a court must first look to "whether the

expenses are allowable cost items and then to whether the amounts are reasonable and necessary." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004). 18 U.S.C. 1964(c) expressly provides for the recovery of taxable costs. But the burden is on the prevailing party to show that the costs "are authorized by applicable federal law, including proof of necessity and reasonableness." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich 1995).

While Rule 54 creates a presumption that costs will be assessed, it also "allows denial of costs at the discretion of the trial court." *McDonald v. Petree*, 409 F.3d 724, 732 (6th Cir. 2005) (citing *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). Circumstances in which the court may exercise its discretion to deny costs include "cases where taxable expenditures by the prevailing party are unnecessary or unreasonably large, . . . cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, . . . cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, . . . and cases that are close and difficult." *White & White*, 786 F.2d at 730 (internal citations and quotation marks omitted). "The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Id.* at 732-33. Once the prevailing party has shown that the costs are necessary and reasonable, "it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption" that such costs will be imposed. *Id.* at 732 (citation omitted).

C.   **Analysis**

1.   **Attorneys Fees**

i.   **Reasonable Hourly Rate**

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock–Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir.2000). In assessing the "reasonable hourly rate," the court should assess the "prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The prevailing market rate is "that which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Adcock–Ladd*, 227 F.3d at 350.

After reviewing the submissions of counsel, including the rates charged by the attorneys and paralegals, the biographical information related to the attorneys and paralegals from each firm, and the *2014 Economics of Law Practice* Report from the State Bar of Michigan, the undersigned finds that all of the rates charged by the attorneys in this matter are reasonable. The Pontiac Plaintiff's attorneys charged a maximum rate of $250.00 per hour throughout the course of this litigation. The Detroit Plaintiffs' attorneys charged a maximum hourly rate of nearly $370.00 per hour, but their average hourly rate (excluding paralegal work) appears to be approximately $278.13 per hour.[5] The prevailing rate for attorneys with the experience of counsel in this matter at firms the size of Clark Hill and Sullivan Ward is between $250.00 and $300.00 per hour. *See 2014 Economics of Law Practice*, available at http://www.michbar.org/pmrc/articles/0000151.pdf.

### ii.    Reasonable Number of Hours

The Court pays attention to whether cases are overstaffed, that is, whether the hours expended were excessive, redundant, and unnecessary. To assure the reasonableness of the hours

---

[5]The undersigned has determined this rate by dividing the total number of hours worked by the Clark Hill attorneys by the total number of hours billed by the same. Paralegals and other support staff have been removed from this calculation.

10

expended, attorneys are to give a court sufficient detail to evaluate the fee award. *See Trustees of the Painters Union Deposit Fund v. Interior/Exterior Specialist Co.*, 05-70110, 2011 WL 204750 at *4 (E.D.Mich. Jan. 21, 2011) (Roberts, J.) ("Attorneys who seek fees have an obligation to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended on the case. The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation. If the documentation of hours is inadequate, the district court may reduce the award accordingly." (internal citations and quotations omitted)). The undersigned finds that the hours expended by Sullivan Ward on behalf of the Pontiac Plaintiff are reasonable, but the hours expended by Clark Hill on behalf of the Detroit Plaintiffs are excessive.

According to billing summaries, counsel in this matter spent approximately 8,744.1 hours on behalf of their clients for the four years from April 2010 through March 2014. In that time, however, Sullivan ward expended only 1,797.2 hours while Clark Hill spent nearly four times that many hours (6,946.9 hours) working on this matter. While the undersigned acknowledges that the parties had an 80/20 cost-sharing arrangement with regard to expenses, this discrepancy in billing is neither explained, nor is it reasonable. Indeed, attorney Jordan Bolton, Clark Hill's lead attorney on this matter, spent nearly as much time (1,429 hours) on this matter as all of the attorneys at Sullivan Ward combined (1,625.1 hours). Simply put, while the Detroit Plaintiffs have provided all of the billing summaries noted herein, nothing in their Motion, Brief, Supplement, or the billings supports their request for nearly 7,000 billable hours. Therefore, the Court should reduce their attorneys' hours accordingly.

The undersigned also acknowledges, however, that while Clark Hill billed the Detroit Plaintiffs $1,772,865.23, the firm has cut its total billing by approximately 20% for purposes of the instant Motion – to $1,422,302.04.   Therefore, a drastic reduction in fees is unnecessary; the undersigned recommends reducing the Clark Hill's fees by an additional 20% off of the initial amount and awarding the Detroit Plaintiffs attorneys's fees in the amount of $1,063,719.14.   This reduction amounts to approximately 75% of Clark Hill's requested fees.   The Court should award the Pontiac Plaintiff the full amount of $416,108.75 as requested by Sullivan Ward.

### 2.      Costs

As noted herein, Defendants do not object to Plaintiffs' requests for costs.   Moreover, in response to the Court's Order, the Parties provided supplemental documentation supporting their requests.   Considering the difficulty of this case, the need for expert testimony, and the nature and amount of discovery, the undersigned finds that the Parties' expenditures were neither unnecessary nor unreasonable.   Therefore, the Court should award the Parties their requested expenses, with two exceptions.

In reviewing the documentation provided by the Detroit Plaintiffs, it appears that two of the invoices for The Sargent Consulting Group, LLC were not properly reduced according to the Parties' cost-sharing agreement.   As previously discussed, the Detroit Plaintiffs and the Pontiac Plaintiff agreed to share costs with the Detroit Plaintiffs paying an 80% share.   According to the summary provided by the Detroit Plaintiffs, The Sargent Consulting Group invoiced the Parties 26 times from August 2010 through May 2013.   (Docket no. 287-3 at 2.)   A careful review of these invoices shows that the amount requested by the Detroit Plaintiffs has been reduced by 20% for all of the invoices except invoice nos. 174 and 211.   (*Compare* docket no. 287-3 at 2, *with* docket no. 283-3 at 39, 42.)

The Detroit Plaintiffs have, again, provided no explanation for this discrepancy. Additionally, it appears that the Detroit Plaintiffs have inadvertently entered the amount of $1,997.00 for invoice no. 211, which was actually invoiced in the amount of $1977.00. (*See id.*) Therefore, the Court should correct the improper calculation and reduce the costs award for the Detroit Plaintiffs by 20% of the total of these two invoices. In sum, the Court should award the Detroit Plaintiffs a total of $320,594.80 in costs. The Court should award the Pontiac Plaintiff costs in the amount of $83,742.23 as requested.

       **D.**       **Conclusion**

For the reasons indicated herein, the undersigned recommends granting in part and denying in part the Detroit Plaintiffs' Motion for Attorneys Fees and Costs [277] and granting the Pontiac Plaintiff's Motion for Costs and an Award of Attorneys Fees [279], awarding the following:

- Attorneys' fees for the Detroit Plaintiffs in the amount of $1,063,719.14;

- Costs for the Detroit Plaintiffs in the amount of $320,594.80;

- Attorneys' fees for the Pontiac Plaintiff in the amount of $416,108.75; and

- Costs for the Pontiac Plaintiff in the amount of $83,742.23.

## III.   **Notice to Parties Regarding Objections**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate

to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 12, 2015               s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: February 12, 2015               s/ Lisa C. Bartlett
                                       Case Manager

14