**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GENERAL RETIREMENT SYSTEM OF THE
CITY OF DETROIT AND THE POLICE AND
FIRE RETIREMENT SYSTEM OF THE CITY
OF DETROIT and THE BOARD OF TRUSTEES
OF THE CITY OF PONTIAC GENERAL
EMPLOYEES RETIREMENT SYSTEM,

    Plaintiffs,

v.

Case No. 10-CV-11941

HON. DENISE PAGE HOOD

ONYX CAPITAL ADVISORS, LLC, ONYX
CAPITAL ADVISORY FUND I, LP, ONYX
INTELLIGENCE SOLUTIONS, LLC, SECOND
CHANCE MOTORS, INC., SCM CREDIT, LLC,
SCM FINANCE, LLC, 1097 SEA JAY, LLC,
ROY DIXON, JR., and MICHAEL A. FARR,

    Defendants.
_____/

**<u>ORDER ACCEPTING IN PART AND ADOPTING IN PART THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND
ORDER REGARDING PLAINTIFFS'
MOTIONS FOR ATTORNEYS' FEES AND COSTS</u>**

**I.    BACKGROUND**

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation filed February 12, 2015 **(Doc. No. 289)** on the Motions for Attorneys' Fees and Costs filed by Plaintiffs the General Retirement System of the

City of Detroit and the Police and the Fire Retirement System of the City of Detroit ("Detroit Plaintiffs") **(Doc. No. 277)** and Plaintiff The Board of Trustees of the City of Pontiac General Employees Retirement System ("Pontiac Plaintiff") **(Doc. No. 279)**. The Detroit Plaintiffs timely filed an Objection to the Report and Recommendation. **(Doc. No. 290)** No objections to the Report and Recommendation were filed to date by the Pontiac Plaintiff.

It is noted that the Magistrate Judge ordered supplemental documents from the Plaintiffs to support their requested fees and costs. **(Doc. No. 285)** The Court agrees with the Magistrate Judge that the initial motions merely provided summaries which did not detail the number of hours worked by any individual attorney on any aspect of the case, which did not allow review of whether the number of hours expended was reasonable. The Local Rule provides that a motion for an award of attorneys' fees shall be supported by a brief and "an affidavit of counsel setting out *in detail* the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the Court should consider in making the award." E.D. Mich. LR 54.1.2 (italics added). Supplemental documents were filed detailing the number of hours expended by each counsel.

The standard of review by the district court when examining a Report and

Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file Objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

After review of the Magistrate Judge's Report and Recommendation and the Objections filed to the Report and Recommendation, the Court finds that the Magistrate Judge's findings and conclusions are correct, except for the findings noted below. The Detroit Plaintiffs raise two objections which are addressed below.

## II. OBJECTIONS BY THE DETROIT PLAINTIFFS

### A. Attorneys' Fees

The first objection by the Detroit Plaintiffs is that they should be awarded the full amount of their attorneys' fees request to reflect their lead role in the litigation.

Alternatively, the Detroit Plaintiffs request that the Court modify the Magistrate Judge's finding and find their requested attorneys' fees reasonable and not excessive. Referring to the Detroit Plaintiffs' attorneys' fees, the Magistrate Judge found that the discrepancy in the number of hours billed by counsel for the Detroit Plaintiffs and counsel for the Pontiac Plaintiff were not explained and, accordingly, the Magistrate Judge concluded the requested attorneys' fees by the Detroit Plaintiffs were not reasonable. (R&R, Doc. No. 289 at 11) The Magistrate Judge noted that counsel for the Pontiac Plaintiff expended 1,797.2 hours, while counsel for the Detroit Plaintiffs expended nearly four times that many hours at 6,946.9. Although the Magistrate Judge acknowledged the parties had an 80/20 cost-sharing arrangement, there was no explanation regarding the discrepancy of the hours spent between counsel for the Detroit Plaintiffs and counsel for the Pontiac Plaintiff. The Magistrate Judge recommended that the Detroit Plaintiffs be awarded reduced attorneys' fees in the amount of $1,063,719.14 (a reduction of approximately 20% from the requested fee).

A reasonable attorney's fee award is determined by the "lodestar" method–the reasonable hourly rate multiplied by the number of hours expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004); *Isabel v. City of Memphis,* 404 F.3d 404, 415 (6th Cir. 2005). Consideration of some of the initial factors subsumed in the lodestar method may warrant an upward

4

or downward alteration to the lodestar method. *Geier*, 373 F.3d at 793-94. Courts are required to exclude hours that are not "reasonably expended." *Hensley*, 461 U.S. at 434. Courts have deemed appropriate to apply an across-the-board reduction to the number of hours billed where a bill reflects a duplication of effort, excessive hours, or the "somewhat" disfavored practice of block billing.[1] *See Auto Alliance Int'l, Inc. v. U.S. Customs Serv.,* 155 F. App'x 226, 228 (6th Cir. 2005). Across the board reductions between 10% to 35% have been approved by the Sixth Circuit. *Id.* at 228; *Kentucky Rest. Concepts, Inc. v. City of Louisville*, 117 F. App'x 415, 419 (6th Cir. 2004). Hours may be cut for duplication, padding, or frivolous claims by the "arbitrary but essentially fair approach of simply deducting a small percentage of the total hours." *Id.* (quoting *Northcross v. Bd. of Educ. of Memphis City Sch.,* 611 F.2d 624, 636-37 (6th Cir. 1979)).

The Court agrees with the Magistrate Judge that the rates charged by the attorneys for the Detroit Plaintiffs are reasonable. The rates charged were supported by affidavits and the data showing the prevailing market rate for attorneys in the community.

---

[1] Block-billing refers to the time-keeping method by counsel where the total daily time spent working on a case, rather than an itemized time expended on a specific task. *See, Potter v. Blue Cross Blue Shield of Michigan*, 10 F. Supp. 3d 737, 763 (E.D. Mich. 2014)

As to the number of hours expended, the Magistrate Judge's main concern was that the hours expended by counsel for the Detroit Plaintiffs were excessive compared to the hours expended by counsel for the Pontiac Plaintiff. The Court agrees with the Magistrate Judge that the discrepancy of the hours spent by counsel for the Detroit Plaintiffs is not explained in any of the submissions before the Magistrate Judge. In their Objection, the Detroit Plaintiffs now explain that they took the "lead role" in the four year litigation. (Obj., Doc. No. 290 at 4) A review of the more detailed time sheet summaries submitted by the Detroit Plaintiffs, the Court's docket, the judgment awarded to the Detroit Plaintiffs at $20 million, compared to approximately $4 million awarded to the Pontiac Plaintiff, and this Court's observations of the proceedings, it is reasonably inferred that counsel for the Detroit Plaintiffs took the lead role in the litigation, justifying the discrepancy of the time spent by the Detroit Plaintiffs compared to the time spent by the Pontiac Plaintiff.

Regarding whether the hours expended by counsel for the Detroit Plaintiffs are reasonable, other than the discrepancy noted above as the reason the Magistrate Judge found that the hours were excessive, the Magistrate Judge did not indicate another reason for the conclusion that the hours expended were excessive. The supplemental documents submitted by the Detroit Plaintiffs do not show the total amount of the hours expended or the total fees charged by each attorney or paralegal. In order to

show the total amount, the Magistrate Judge created a table from the monthly billing entries provided by the Detroit Plaintiffs in their supplemental documents showing the billing attorney/paralegal, the hours billed, the total fees and the average hourly rate (since the attorneys and paralegals received rate increases during the years the matter was pending). (R&R, Doc. No. 289 at 4-5) The Magistrate Judge summarized that the fees totaled $1,772,813.38, but that the Detroit Plaintiffs only requested $1,422,302.04, approximately 80% of the total fees calculated by the Magistrate Judge. However, the Magistrate Judge's calculation is based on average rates. The Detroit Plaintiffs' amount is based on a total of their monthly statements from 2010 through 2014. (Motion, Doc. No. 277, Ex. A) Based on the supplemental documents submitted by the Detroit Plaintiffs (Doc. No. 287, Ex. A (with no monthly or running total of the fees), the Court finds that the requested amount of $1,422,302.04 is properly supported by the summaries submitted.

Based on this Court's review of the more detailed monthly block-billing summaries from 2010 through 2014 submitted by the Detroit Plaintiffs (Doc. No. 287, Ex. A), the Court finds that several individuals spent time collecting, reviewing, analyzing, and managing documents and also addressing vendor invoices during the litigation. The Court will not reduce the number of hours expended since the attorneys charge different rates at different times through the years of litigation.

Rather, the Court will reduce the fees from the amount requested of $1,422,302.04 by 10% for duplication of services. *See, Potter v. Blue Cross Blue Shield of Michigan*, 10 F. Supp. 3d 737, 763-65 (E.D. Mich. 2014)(Reducing the requested fees by ten percent due to block-billing (entries such as review documents, research legal issues and plan strategy) and vague entries). The Court finds this reduced amount of $1,280,071.84 is reasonable.

### B. Costs

The Detroit Plaintiffs' second objection is that the Magistrate Judge's conclusion as to the costs did not include the $62,837.03 for Epiq eDiscovery fee which was reflected on page 5 of the R&R. The Detroit Plaintiffs do not object to the $320,493.80 costs recommended by the Magistrate Judge for the Sargent Consulting cost. The Detroit Plaintiffs argue that they are entitled to costs in the total amount of $383,431.83 ($320,594.80 [Sargent Consulting] + $62,837.03 [Epiq eDiscovery]).

The Court agrees with the Magistrate Judge that the Detroit Plaintiffs be awarded $320,594.80 in costs relating to the Sargent Consulting fee. The Epiq EDiscovery fee was referred to by the Magistrate Judge on page 5 of the R&R but it appears was inadvertently left out in the conclusion portion of the R&R. The Court finds that the $62,837.04 amount for the Epiq eDiscovery costs be included in the total costs awarded to the Detroit Plaintiffs. The Court finds that the total cost of

$383,431.83 is supported and are reasonable and necessary.

### III. FEES AND COSTS BY THE PONTIAC PLAINTIFF

There were no objections filed to the Magistrate Judge's recommendation as to the fees and costs expended by the Pontiac Plaintiff. The Court agrees with the Magistrate Judge that the attorneys' fees in the amount of $416,108.75 is reasonable. The Court further agrees with the Magistrate Judge that the costs incurred by the Pontiac Plaintiff in the amount of $83,742.23 is reasonable and necessary.

### IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation **(Doc. No. 289)** is ACCEPTED IN PART and ADOPTED IN PART as this Court's findings of fact and conclusions of law, except for the findings noted above.

IT IS FURTHER ORDERED that the Detroit Plaintiffs' Objection **(Doc. No. 290)** is SUSTAINED IN PART and OVERRULED IN PART as set forth above.

IT IS FURTHER ORDERED that the Detroit Plaintiffs' Motion for Attorneys' Fees and Costs **(Doc. No. 277)** is GRANTED IN PART and DENIED IN PART as set forth above.

IT IS FURTHER ORDERED that the Pontiac Plaintiff's Motion for Attorneys' Fees and Costs **(Doc. No. 279)** is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs are entitled to an award as follows:

**Detroit Plaintiffs:**
Attorneys' Fees:   $ 1,280,071.84
Costs:             $   383,431.83

**Pontiac Plaintiff:**
Attorneys' Fees:   $   416,108.75
Costs:             $    83,742.23


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 18, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 18, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager